UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANKLIN BETANCE MORETA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-01204** |
| **BP EXPLORATION & PRODUCTION INC. AND BP AMERICA PRODUCTION COMPANY** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendants BP Exploration & Production Inc. and BP America Production Company's Motion for Summary Judgment (Doc. 25). For the following reasons, the Motion is **GRANTED.**

## BACKGROUND

Plaintiff Franklin Betance Moreta was a worker who aided in the cleanup of BP's Deepwater Horizon oil spill in 2010. In 2013, Plaintiff was diagnosed with Chronic Conjunctivitis, Chronic Pharyngitis, and Chronic Sinusitis, and he brought this action against BP Exploration & Production Inc. and BP America Production Company (collectively "BP") alleging that his permanent injuries resulted from exposure to oil and dispersants while working in the spill response.

1

This case is a Back-End Litigation Option case pursuant to the Deepwater Horizon Medical Benefits Class Action Settlement ("Medical Settlement") reached in the multi-district litigation of *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, on April 20, 2010. The Medical Settlement provides a process for class members to sue BP for physical conditions that manifested after April 2012.

Defendants have filed the instant Motion for Summary Judgment alleging that Plaintiff cannot prove causation. Plaintiff has not filed an opposition to this Motion. The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[1] Instead, the Court will consider the merits of Defendants' arguments.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

---

[1] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of La. (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).
[2] FED. R. CIV. P. 56(c).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## **LAW AND ANALYSIS**

Pursuant to the Medical Settlement, a class member "who did not opt

---

[4] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528 (5th Cir. 1997).
[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[7] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] Badon v. RJR Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

out of the agreement surrendered their rights to sue BP for medical conditions related to the oil spill in return for defined compensation benefits."[10] There is an exception, however, that "allows class members who did not opt out of the Medical Benefits Settlement to bring suit against BP for 'Later-Manifested Physical Conditions' ('LMPCs')."[11] Suits seeking recovery for LMPCs are referred to as Back-End Litigation Options ("BELO") suits. The Medical Settlement sets out certain factors that a class member must prove to succeed on his BELO claim and others which need not be proven. For example, a class member does not have to prove BP's fault for his LMPC or that he was exposed to oil and dispersants. The Medical Settlement, however, does not dispense of a class member's obligation to prove causation. Indeed, the Medical Settlement expressly provides that the issue of whether the class member's LMPC "was legally caused by his or her exposure to oil, other hydrocarbons, and other substances" may be litigated at trial. In addition, BP may challenge whether there exists any alternative causes of the class member's LMPC. Accordingly, Defendants argue that Plaintiff cannot prove causation.

General maritime law requires that a plaintiff show that the defendant's negligence was the "legal cause" of his injuries.[12] "[L]egal cause is something more than 'but for' causation, and the negligence must be a 'substantial factor' in the injury."[13] Here, Defendants argue that Plaintiff cannot show that his

---

[10] Piacun v. BP Expl. & Prod., Inc., No. 15-2963, 2016 WL 7187946, at *3 (E.D. La. Dec. 12, 2016).
[11] *Id.*
[12] Donaghey v. Ocean Drilling & Expl. Co., 974 F.2d 646, 649 (5th Cir. 1992).
[13] *Id.* (internal quotations omitted).

exposure to oil and dispersants caused his injuries because he has not retained an expert to testify as to causation. In general, "when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation."[14] Certainly, the causal link between exposure to oil and dispersants and Chronic Conjunctivitis, Chronic Pharyngitis and Chronic Sinusitis is not within the layperson's common knowledge. "In a toxic tort suit such as this one, the plaintiff must present admissible expert testimony to establish general causation as well as specific causation."[15]

Plaintiff has not disclosed the name of any expert from whom he intends to elicit an opinion on causation nor has he made any expert disclosures by this Court's August 19, 2020 deadline. In addition, Plaintiff has failed to oppose this Motion and put forth any evidence that he may have of causation. Accordingly, Plaintiff cannot succeed on a crucial element of his claim against Defendants, and his claim must be dismissed.

## CONCLUSION

For the forgoing reasons, Defendants' Motion for Summary Judgment is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**

New Orleans, Louisiana this 20th day of November, 2020.

---

[14] Lassiegne v. Taco Bell Corp., 202 F. Supp. 2d 512, 524 (E.D. La. 2002); *see* Pfiffner v. Correa, 643 So. 2d 1228, 1234 (La. 1994).
[15] Seaman v. Seacor Marine LLC, 564 F. Supp. 2d 598, 600 (E.D. La. 2008), *aff'd sub nom.* Seaman v. Seacor Marine L.L.C., 326 Fed. App'x. 721 (5th Cir. 2009).

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

6